09-3688-cv
*Del Monaco v. Green*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand ten.

PRESENT:

> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON
> *Circuit Judges*.

---

AMADEO DEL MONACO, PATRIOT MUTUAL
INSURANCE COMPANY,
　　　　*Plaintiffs-Appellants*,

　-v.-　　　　　　　　　　　　No. 09-3688-cv

JAMES GREEN, doing business as Jim Green & Sons
Contracting, JEFFREY MISEROCCHI
　　　　*Defendants-Appellee*s.

---

STEPHEN H. LASH, Lash & Associates, Boston, MA (John H. Bloomer, Jr., McClallen & Bloomer, Rutland, VT; Kevin P. Candon, Rutland, VT; *on the brief*), *for Plaintiffs-Appellants*.

RICHARD H. WADHAMS, JR., Pierson Wadhams Quinn Yates & Coffrin, Burlington, VT, *for Defendant-Appellee James Green*.

PAUL S. GILLIES, Tarrant, Gillies, Merriman & Richardson, Montpelier, VT, *for Defendant-Appellee Jeffrey Miserocchi*.

Appeal from an August 5, 2009 judgment of the United States District Court of the District of Vermont (Murtha, *J.*). UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED IN PART and VACATED IN PART.

Plaintiffs-appellants Amadeo Del Monaco and Patriot Mutual Insurance Company ("plaintiffs") appeal from an August 5, 2009 judgment of the United States District Court of the District of Vermont (Murtha, *J.*), following a jury verdict, in favor of defendants James Green and Jeffrey Miserocchi. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

The district court's determination that there was insufficient evidence of a contract between the parties and that the transaction was predominantly for services and its resultant dismissal of breach of warranties, strict product liability, and consumer fraud claims was, although not so denoted, a summary judgment ruling and we therefore review it *de novo*. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998); *cf. Fab-Tech, Inc. v. E.I. DuPont De Nemours & Co.*, 311 F. App'x 443, 445 (2d Cir. 2009). We review rulings as to the admissibility of evidence at trial for abuse of discretion. *United States v. Williams*, 585 F.3d 703, 707 (2d Cir. 2009).

Plaintiffs argue that the district court erred in finding as a matter of law that there was insufficient evidence of a contract between the parties and that the contractor's invoice proffered during discovery was inadmissible to allege such a contract. We agree. Under Vermont law, the existence of a binding agreement between the parties containing all material and essential terms is a question of fact depending in part on the reasonable inferences that may be drawn from the facts

of the case. *Quenneville v. Buttolph*, 833 A.2d 1263, 1270 (Vt. 2003). Moreover, the intent of the parties to be bound, also a question of fact, determines whether any preliminary agreement is binding. *Bixler v. Bullard*, 769 A.2d 690, 694 (Vt. 2001). The contractor's invoice contained a price term and a rough outline of the work to be done; the price was paid as specified and the work performed mostly in accordance with the invoice, although modified by further discussions between Del Monaco, Green, and Miserocchi. *See Bachli v. Holt*, 200 A.2d 263, 267 (Vt. 1964) ("An acceptance of a proposal may be accomplished by conduct as effective as though done verbally where it appears the acts of the parties conform to the terms proposed.") We cannot say as a matter of law that the parties did not intend to be bound by the terms of the invoice and that no contract was formed. A jury could find that the terms of the alleged contract included an express undertaking (set forth in the contractor's invoice), moreover, to do the work "in a substantial workmanlike manner," and that this commitment was breached by defendants' negligent construction. We therefore conclude that the district court erred in dismissing Counts III and VIII.

We agree with the district court, however, that the Vermont Uniform Commercial Code ("UCC") is inapplicable to this contract because it was primarily for services and that Counts V and X were therefore properly dismissed. "[W]here, as here, a transaction contains elements of both sales and service, application of the UCC . . . turns on whether the transaction 'predominantly,' or essentially, relates to goods or services." *Lamell Lumber Corp. v. Newstress Int'l, Inc.*, 938 A.2d 1215, 1222 (Vt. 2007). The language of the agreement and the circumstances of its making and performance are the primary factors in determining which category predominates. *Id.* at 1223. Here, the performance of the contract indicates that the contract was essentially for services: Green performed for Del Monaco a variety of services, including extensive construction on his roof,

expanding his deck significantly, and installing the fire pit. Moreover, the fire pit was designed and built to Del Monaco's specifications by Miserocchi, Green's subcontractor, much like the concrete kiln in *Lamell* was designed and built by the contractors. *See id.* ("The terms of the contract and the circumstances of its performance thus demonstrate that the purchase and sale of the component materials themselves, while necessary to the project, were incidental to the overall objective of designing, engineering, and erecting the kiln according to the plans provided by defendant. Ample authority supports the conclusion that, in such circumstances, the contract was not subject to the UCC."). With regard to plaintiffs' strict liability and consumer fraud claims, Counts IV, VI, IX, and XI, plaintiffs argue that these claims should be reinstated because the sale of the firepit was a transaction in goods. As discussed above, we disagree. Although plaintiffs also argue in their reply brief that it is not necessary to have a "good" under the UCC to maintain these claims, we deem this argument waived because it was not raised in their opening brief. *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

Finally, with regard to the plaintiffs' negligence claims, we find that the district court did not abuse its discretion in finding inadmissible a portion of the National Fire Protection Association Code that deals with "solid fuel-burning appliances," including location, ventilation, chimney connection, mounting, and requisite clearances. In the table listing standard clearances, the types of appliances given are residential appliances; furnaces; room heaters, fireplace stoves, fireplace inserts, combinations; and ranges. The section also notes that "[t]hese clearances shall apply to appliances installed in rooms that are large in comparison with the size of the appliances." Although plaintiff argues that the section does not explicitly *exclude* fire pits, which are solid fuel-burning appliances, it is clear that the clearances, which are the most significant part of the section,

4

are meant to apply to an internal installation. The district court's determination to exclude the evidence from this case, which involves an exterior installation of an appliance not covered by the section, was therefore not manifestly erroneous. *See Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010).

All arguments not otherwise discussed in this summary order are found to be moot or without merit. For the foregoing reasons, the judgment of the district court is hereby VACATED with respect to the dismissal of Counts III and VIII and AFFIRMED in all other respects. We remand for further proceedings consistent with this determination.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5